U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAMON RODRIGUEZ,                               CASE NO:  5:08-cv-00204-WTH-GRJ

    Plaintiff,

vs.

CITY OF CLERMONT, CITY OF
CLERMONT POLICE DEPARTMENT,
and JEFFREY RADI,

    Defendants.
_____/

**CITY OF CLERMONT'S MOTION TO DISMISS**
**WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 3.01 of the United States District Court for the Middle District of Florida, Defendant CITY OF CLERMONT (hereinafter the "City"), by and through its undersigned counsel, files and serves this Motion to Dismiss the Plaintiff's Complaint with incorporated Memorandum of Law, and states as follows:

**INTRODUCTION**

Plaintiff, RAMON RODRIGUEZ has filed a seven-count Complaint which consists of 146 numbered paragraphs. Plaintiff has named as Defendants the CITY OF CLERMONT, the CITY OF CLERMONT POLICE DEPARTMENT and JEFFREY RADI, in his official and individual capacity. The CITY OF CLERMONT POLICE DEPARTMENT is not a separate legal entity from the CITY OF CLERMONT, and all CITY OF CLERMONT police officers are employees of the CITY OF CLERMONT; therefore, a Motion to Dismiss the CITY OF CLERMONT POLICE DEPARTMENT has been filed separately.

In Counts I, II and III, the Plaintiff is claiming a violation of civil rights under 42 USC § 1983. In Counts IV and V, Plaintiff claims a violation of Title VII and in Counts VI and VII, the Plaintiff claims a violation of Florida Civil Rights Act of 1992. In all but Count I, the Plaintiff names all three Defendants. In each of the counts, Plaintiff "realleges every factual allegation" in the numbered paragraphs above it.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a Complaint should be "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint need not give specific facts, but must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 Fla. 2197, 2200 (2007). If a Complaint fails to comply with Fed. R. Civ. P. 8(a)(2), and thereby fails to state a claim upon which relief may be granted, the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6). *See Conley v. Gibson*, 355 U.S. 41, 47 (1957). As discussed in further detail below, Plaintiff's Complaint does not comply with Fed. R. Civ. P. 8(a)(2), and is therefore subject to dismissal.

## DISCUSSION

**The Plaintiff's Complaint is an impermissible "shotgun" pleading which must be dismissed.**

"Shotgun Complaints are not sufficient pleadings." *Strategic Income Fund v. Spear, Leeds and Kellog*, 305 S.3rd 1293, 1295 (11th Cir. 2002). A shotgun pleading is one which "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e. all but the first) contain irrelevant factual allegations and legal conclusions." *Id*. When a defendant is presented with a shotgun pleading, it is "virtually impossible to know which allegations of fact are intended to support which claim for relief," and a party faced with such a Complaint is not expected to draft a responsive

2

pleading.  *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).

The Plaintiff's Complaint is a classic example of a "shotgun" pleading.  Each count contains a paragraph which attempts to reallege every factual allegation stated in each preceding paragraph in the Complaint.  Further, the Plaintiff has named the CITY OF CLERMONT along with Officer JEFFREY RADI in his official and individual capacity.  It is unclear from the counts in the Complaint whether the conduct alleged by Officer Radi is conduct the Plaintiff believes was undertaken in his official or in his individual capacity.  Obviously this is significant for purposes of the Defendant City's response, as the Defendant City is Officer Radi's employer, in his official capacity.  Thus, this Defendant is faced with the very problem that the prohibition on shotgun pleadings is intended to prevent:  It is virtually impossible to know which allegations of fact are intended to support which claims for relief.  *See Anderson*, 77 F.3d at 365.

The 11th Circuit has called this type of shotgun pleading a "cardinal sin."  *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1311 (11th Cir. 2007).  "Shotgun pleadings impede the due administration of justice and, in a very real sense, amount to obstruction of justice."  *Strategic Income Fund LLC*, 305 F.3d at 1296; citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001).  Because Defendant City has been presented with a shotgun pleading, Defendant City has effectively no notice of the actual claims against it.  This violates the notice pleading requirement set forth in Fed. R. Civ. P. 8.

One purpose of the pleading rules set forth in Fed. R. Civ. P. 8 is to give the defendant notice of what the claim is and the grounds upon which the claim rests.  *Erickson*, 127 Fla. at 2200.  The Plaintiff's Complaint is peppered with the phrases "at all times material to this action" and "during all times relevant and material."  Also throughout the Complaint, the

Plaintiff identifies several different points in time by specific date, including the date the EEOC complaint was filed (Complaint, paragraph 2), the date the EEOC issued a Notice of Suit Rights letter (Complaint, paragraph 4), the date the letter was received (Complaint, paragraph 5) and the 90-day expiration from the date of receipt (Complaint, paragraph 6), the date of Plaintiff' employment with the City (Complaint, paragraph 29), the date Officer Radi became the Plaintiff's supervisor (Complaint, paragraph 30), the date Plaintiff allegedly complained about retaliation (Complaint, paragraph 45), and the approximate date that alleged discrimination "began" (Complaint, paragraph 60a).

This is not a claim with a specific date of accident; rather it is a claim for an allegedly ongoing activity, which as stated in the four corners of the Complaint, did not begin when the Plaintiff began employment with the Defendant City. Because this is an allegedly ongoing activity, it is not clear what portion of time the Plaintiff thinks is relevant when Plaintiff uses the phrase "at all times material to this action" or "during all times relevant and material." Therefore, the Plaintiff has failed to provide the Defendant City with notice of when the Defendant allegedly committed wrongs (i.e. whether the terms "relevant" or "material" refer to the time before, after, during, or a portion of all of the above). As such, the Plaintiff has violated Fed. R. Civ. P. 8(a)(2), because Defendant City has not been provided fair notice of the grounds upon which the Plaintiff's alleged claim rests. *Erickson*, 127 Fla. at 2200.

## CONCLUSION

For the reasons set forth above, Plaintiff has violated the notice pleadings requirement in Fed. R. Civ. P. 8(a)(2). Therefore, the Plaintiff's Complaint is subject to dismissal. If this Court is not inclined to dismiss the Plaintiff's Complaint, Defendant City asks, in the alternative, that Plaintiff be ordered to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e).

4

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed electronically with CM/ECF, which will furnish electronic notification to John M. Bringardner, Esq., Allen & Murphy, P.A., 429 South Keller Road, Orlando, FL 32810; Robert E. Bonner, Esquire, Meier, Bonner, Muszynski, O'Dell & Harvey, P.A., 37 N. Orange Avenue, Suite 1100, Orlando, FL 32801-2463 this 22nd day of August, 2008.

/s/ G. Clay Morris
G. CLAY MORRIS, ESQUIRE
Florida Bar No. 750190
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel:    407-422-4310
Fax:    407-648-0233
CMorris@drml-law.com
Attorneys for Defendant