UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RAMON RODRIGUEZ,

Plaintiff,   Case No.: 5:08-CV-204-OC-10-CRJ

vs.

CITY OF CLERMONT, CITY
OF CLERMONT POLICE DEPT.,
and JEFFREY RADI, in his official
and individual capacity,

    Defendants.
_____/

## PLAINTIFF'S MEMORANDUM OPPOSING
## DEFENDANT CITY OF CLERMONT'S MOTION TO DISMISS

Plaintiff RAMON RODRIGUEZ, ("RODRIGUEZ"), by and through the undersigned counsel, files and serves this Memorandum Opposing Defendant CITY OF CLERMONT's Motion to Dismiss, and states:

### I. PLAINTIFF'S COMPLAINT IS NOT A "SHOT GUN" COMPLAINT

Defendant, CITY OF CLERMONT (CITY), correctly notes that Plaintiff inadvertently numbered the introductory paragraph of each Count in the Complaint by incorporating by reference each of the preceding paragraphs. (Plaintiff intended to incorporate by reference only paragraphs 1-51 in each count). Defendant also correctly states the law of this Circuit that a party may not incorporate all allegations of each count

in every successive count[1]. *Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001). However, Defendant incorrectly urges this Court to dismiss the Complaint "in its entirety," when the cases cited by the Defendant agree that repleader is the appropriate remedy, <u>not</u> dismissal. *Magluta*, 256 F.3d at 1284.

Plaintiff's counsel apologizes to the Court and to the parties for this oversight and requests this Court to permit Plaintiff to re-plead the offending paragraphs by replacing the language in paragraphs 65, 102, 107, 124, 130, and 141 with the following language: "RODRIGUEZ re-alleges every factual allegation as stated in paragraphs 1 - 51 of this complaint."

## II. PLAINTIFF'S CLAIMS GIVES SUFFICIENT NOTICE UNDER FED. R. Civ. P. 8(a)(2) FOR CLERMONT TO RESPOND

Defendant CLERMONT properly states the appropriate STANDARD OF REVIEW in its Motion to Dismiss, "the Complaint need not give specific facts, but must 'give the defendant fair notice of what the claim is and the grounds upon which it rests.' *Erickson v. Pardus*, 127 Fla. 2197, 2200 (2007) (sic)[2]." However, Defendant CLERMONT misapplies both the standard and the Court's ruling in *Erickson* to this case.

In *Erickson*, the Supreme Court reiterated its long standing position that plaintiffs are not required to state their claims with specific facts. The Plaintiff in *Erickson* alleged that he had suffered harm because he was being denied treatment for hepatitis C, that he

---

[1] Plaintiff did not reallege "every allegation" in each Count; he realleged all "<u>factual</u> allegations," as they do apply to each Count.

[2] The appropriate citation is, *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007)

still needed treatment and that the decision to withhold treatment was endangering his life. The Defendant moved to dismiss these allegations and the District Court, upon recommendation of the Magistrate Judge, dismissed the Complaint. The Supreme Court held it was error to dismiss Plaintiff's complaint, noting that Plaintiff's allegations of harm were more than enough to satisfy Rule 8(a)(2). *ibid*. The Supreme Court stressed that the allegations, need only "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *ibid*.

In this case, Defendant CLERMONT claims it cannot comprehend Plaintiff's Complaint because:

1. "The Plaintiff's Complaint is peppered with the phrases 'at all times material to this action' and 'during all times relevant and material'." Then, Defendant complains that Plaintiff refers to various dates in his Complaint i.e., date of filing Notice of EEOC Complaint, date the EEOC issued a Notice of Suit Rights letter, date discrimination began, etc.

2. "It is unclear from the counts in the Complaint whether the conduct alleged by Officer Radi is conduct the Plaintiff believes was undertaken in his official or in his individual capacity."

We shall examine some of these phrases allegedly "peppered" through out the Complaint to show the Court that Defendant's argument is specious. Then we shall discuss the issue of whether plaintiff properly pleaded Defendant RADI's status and whether these allegations give Defendant CLERMONT proper grounds to support a Motion to Dismiss.

It is true Plaintiff, in paragraph 14 of the Complaint, alleges, "At all times material to this action, Defendant CLERMONT operated and exercised control over, among other things, Defendant CPD in Clermont, Lake County, Florida." Is Defendant actually representing to this Court that it is unable to respond to the allegation that "at some time relevant" to any of the dates mentioned in this Complaint it operated and exercised control over the CLERMONT POLICE DEPARTMENT? Either the allegation is true or it is not. If Defendant CLERMONT did not operate and exercise control over the CLERMONT POLICE DEPARTMENT for each and every date mentioned in the Complaint, (including the time the Plaintiff was hired by the Defendant, the time the Defendant began to discriminate against the Plaintiff, the time Plaintiff filed his EEOC Complaint, etc.), then Defendant should deny the allegation. Otherwise, it should admit the allegation. How is Defendant unable to respond to this allegation?

Similarly, Plaintiff, in paragraph 15 of the Complaint alleges, "At all times material to this action, Defendants, CLERMONT and CPD, were 'employers' within the meaning of Section 42 U.S.C. §§1981 and 2000e." Is Defendant actually telling this Court that it is unable to respond to this allegation? If at anytime material to this action, (including the time the Plaintiff was hired by the Defendant, the time the Defendant began to discriminate against the Plaintiff, the time Plaintiff filed his EEOC Complaint, etc.) Defendant CLERMONT stopped being an "employer" within the meaning of Section 42 U.S.C. §§1981 and 2000e, then Defendant should deny this allegation. Otherwise it should admit the allegation. How is this confusing?

Paragraphs 16-20 and 23-25, General Allegations concerning the Parties[3], all contain similar allegations that this Defendant should be able to answer. For instance, in paragraph 25, "during all times relevant and material," (including the time the Plaintiff was hired by the Defendant, the time the Defendant began to discriminate against the Plaintiff, the time Plaintiff filed his EEOC Complaint, etc.) either Defendant RADI supervised RODRIGUEZ as part of his employment by the CPD or Defendant RADI did not supervise RODRIGUEZ. If Defendant RADI supervised RODRIGUEZ for some of the time, but not for all of the relevant time, what keeps Defendant CLERMONT from simply denying the allegation?

Defendant can point to no case law requiring such rigid pleading of fact. In fact, Defendant's argument flies in the face of relevant case law in this Circuit.

The United States Court of Appeals for the Eleventh Circuit, in *United States v Baxter International, Inc*., 345 F.3d 866 (11th Cir. 2003) reversed the District Court's dismissal of a claim for failure to state a claim, noting that, in applying Fed.R.CivP. 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the [complainant] can prove no set of facts in support of his claim which would entitle him to relief." Citations omitted.

The United States in *Baxter* sought to intervene in a Multi-District Litigation settlement of a class-action products liability suit against manufacturers of silicone breast

---

[3] Relevant factual allegations concerning specific timeframes are plead appropriately in paragraphs 29-51 of the Complaint.

implants. The Defendants moved to dismiss the government's claims under Rule 12(b)(6), arguing, among other things, that they could not properly respond to the claims as pled. The District Court dismissed the Complaint on sufficiency grounds and on other substantive grounds. The Appellate Court for the Eleventh Circuit reversed, holding "Because the Federal Rules embody the concept of liberalized 'notice pleading,' a complaint need contain only a statement calculated to 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'." 345 F.3d 866, 881. See also: *Evans v. McClain of Georgia, Inc.* 131 F.3d 957 (11th Cir 1997) and cases cited.

There is no question that the plaintiff in this case has given Defendant CLERMONT fair notice of his claims and the grounds upon which those claims rest. Aside from Plaintiff inadvertently numbering the introductory paragraph of each Count, which Plaintiff concedes was a mistake, each Count states the claim and grounds upon which that claim rests. As such, this Court should deny Defendants Rule 12(b)(6) Motion to Dismiss.

Defendant's argument that "it is unclear from the counts in the Complaint whether the conduct alleged by Officer Radi is conduct the Plaintiff believes was undertaken in his official or in his individual capacity," is likewise unpersuasive. Count I of the Complaint specifically notes that Defendant RADI was acting in his official and individual capacity. Thus, Defendant has fair notice of Plaintiff's claim and the specific factual allegations detailed in Count I amply state the grounds upon which this claim rests.

Moreover, Defendant CLERMONT's argument regarding Counts II, Plaintiff's §1983 Discriminatory Custom Claim, and III, §1983 Equal Protection Claim, is deficient because Defendant CLERMONT's liability is based upon Defendant CLERMONT's policy or custom, not upon *respondeat superior*. *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Defendant RADI's status is irrelevant.

Finally, Defendant CLERMONT's argument as to Counts IV-VII is moot. Plaintiff did not plead a Title VII Claim against RADI in his individual capacity and Plaintiff, in his Memorandum of Law Opposing Defendant RADI's Motion to Dismiss, concedes that the Title VII Claims against RADI in his official capacity are superfluous. Similarly, Plaintiff agrees to dismiss the FRCA Claims against RADI in his individual capacity and in his official capacity.

As such, Plaintiff respectfully request this Court deny Defendant CLERMONT's Motion to Dismiss.

**CERTIFICATE OF SERVICE**

I CERTIFY that on September 1, 2008, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF system which will send a notice to all counsel of record. I further certify that I mailed the forgoing document and the notice of filing by First Class Mail to: ROBERT E. BONNER, ESQ., 37 N Orange Ave., Suite 1100, Orlando, Florida, 32801-2463 and G. CLAY MORRIS, ESQ., P.O. Box 2928 Orlando, Florida 32802.

**/s/ John M. Bringardner**

JOHN M. BRINGARDNER
Trial Counsel
Florida Bar #345512

ALLEN & MURPHY, P.A.
429 South Keller Road
Orlando, Florida 32810
Telephone: (407) 838-2000
Facsimile: (407) 838-2022

JohnBringardner@FloridaTrialLawyer.com
Attorneys for Plaintiff