UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAMON RODRIGUEZ,

        Plaintiff,

-vs-                                          Case No. 5:08-cv-204-Oc-10GRJ

CITY OF CLERMONT, CITY OF
CLERMONT POLICE DEPARTMENT,
JEFFREY RADI, in his official and
individual capacity,

        Defendants.
_____

## O R D E R

The Plaintiff, a police officer with the Clermont Police Department, has filed suit against the Police Department, the City of Clermont, Florida, and his direct supervisor, alleging unlawful national origin discrimination and retaliation in violation of federal and state law. The case is presently before the Court for consideration of the Defendants' motions to dismiss (Docs. 5, 7-8), to which the Plaintiff has filed responses in opposition (Docs. 9-12). As discussed more fully below, the Court concludes that the motions by Defendants Jeffrey Radi and the City of Clermont are due to be granted, and that the motion to dismiss by Defendant Clermont Police Department is due to be denied.

## **Factual Background**

The following facts are alleged in the Complaint. The Plaintiff, Ramon Rodriguez, is an individual of Puerto Rican descent and a resident of Lake County, Florida. Rodriguez

has been employed by Defendants City of Clermont and the Clermont Police Department ("CPD") as a law enforcement officer since January 20, 2004. For the first three years of his employment, Rodriguez received satisfactory job performance evaluations and pay raises.

Defendant Jeffrey Radi is a sergeant with the CPD. In September 2006, the CPD assigned Rodriguez to Radi's unit. Since that time, Radi has been Rodriguez's direct supervisor, with the authority to supervise and control all of the day-to-day operations of his unit. Throughout Radi's supervision of Rodriguez, he has subjected Rodriguez to severe and pervasive discrimination, based solely on Rodriguez's national origin. For example, Radi would make offensive and derogatory comments to Rodriguez about his national origin and ridicule and criticize his heritage on a daily and on-going basis. Radi would repeatedly taunt Rodriguez for using "Spanglish" in Rodriguez's written reports, and would humiliate Rodriguez by criticizing Rodriguez's English writing skills in front of other law enforcement officers. In addition to these statements, Radi frequently second guessed Rodriguez's job decisions, held him to a higher standard of scrutiny than other non-Hispanic officers, and told Rodriguez that he would have to write the reports for the other officers in his unit.

Radi also demanded that Rodriguez stop speaking Spanish while at CPD headquarters, even during times when Rodriguez was off the clock for lunch and work breaks, and told Rodriguez that he could no longer listen to Spanish music or Spanish

radio stations while on patrol in his police car. Rodriguez asked Radi to stop making such negative comments and criticisms, but Radi refused.

Rodriguez eventually complained about Radi's conduct to the unit supervisor, Lieutenant Michael Blackmon. In particular, Rodriguez raised the issue of having to write the other officers' reports. Blackmon advised Rodriguez that he would not have to write the reports, but neither Blackmon or anyone else in the CPD administration disciplined Radi for his conduct.

In retaliation for Rodriguez's complaints, on January 20, 2007, Radi gave Rodriguez his first ever unsatisfactory job performance evaluation. As a result of this evaluation, Rodriguez did not get a pay raise in 2007. Two months after his evaluation, Rodriguez applied for an open Field Training Officer position. Rodriguez had previously attended police training courses relating to the position, and was a qualified applicant. The Defendants denied Rodriguez the position, and instead gave it to a lesser trained, lesser qualified, white officer with less seniority than Rodriguez.

After he was passed over for the Field Training Officer position, Rodriguez filed a formal complaint with the City of Clermont, specifically complaining about Radi's discriminatory conduct. The City of Clermont and the CPD conducted an Internal Administrative Investigation, which ignored the testimony of other Hispanic officers, and adopted the inconsistent, contradictory testimony of Radi.

## **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

**Discussion**

Rodriguez's Complaint consists of seven claims: (1) a claim against Radi in both his individual and official capacity pursuant to 42 U.S.C. § 1983 alleging national origin discrimination in violation of Rodriguez's Fourteenth Amendment Equal Protection rights (Count I); (2) a claim under 42 U.S.C § 1983 against all three Defendants alleging that they have engaged in policies, practices, or customs which discriminate against Rodriguez based on his national origin, in violation of his constitutional rights (Count II); (3) an "Equal Protection Claim" under 42 U.S.C. § 1983 against all three Defendants (Count III); (4) a claim of national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), against all Defendants (Count IV); (5) a retaliation claim under Title VII against all Defendants (Count V); and (6) claims of national origin discrimination and retaliation against all Defendants in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.11, ("FCRA"), (Counts VI-VII). The Defendants each seek dismissal of all claims against them.

I.  Structural Deficiencies in the Complaint

Defendants Radi and the City of Clermont both seek dismissal of the entire Complaint on the grounds that it is an impermissible "shotgun pleading." "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.* all but the first) contain irrelevant factual allegations and conclusions." Strategic Income Fund,

L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Rodriguez's Complaint falls squarely in this definition. In each of the seven counts, Rodriguez realleges all prior allegations and paragraphs, including the legal theories set forth in the previous counts. See Doc. 1, ¶¶ 65, 102, 107, 124, 130, 141.

In response, Rodriguez admits that he inadvertently incorporated each preceding paragraph and count into the subsequent claim, and requests leave to correct this error. The Court agrees that amending the complaint is the proper relief in this case - Rodriguez has never previously sought leave to amend, no responsive pleadings have yet been filed, and it is clear that this deficiency can be easily remedied. See Fed. R. Civ. P. 15(a). The Court will therefore grant this portion of the Defendants' motions, and dismiss Rodriguez's Complaint without prejudice.[1]

The City of Clermont also contends that Rodriguez has not provided sufficient notice of the claims upon which he seeks relief because Rodriguez included the phrases "at all times material to this action" and "during all times relevant and material" in his Complaint. The Court finds that other than incorporating by reference all prior paragraphs, Rodriguez has provided great detail concerning the times, places, persons, and events which form the basis for his various claims, and it is abundantly clear precisely which legal theories Rodriguez is seeking relief under. It is common legal practice to use phrases such as "at

---

[1] In one of his responses, the Plaintiff notes that he mistakenly referred in several of his claims to 42 U.S.C. § 1981, when in fact he intended to cite to 42 U.S.C. § 1983. See Doc. 9, p. 4. The Plaintiff shall be given leave to amend his Complaint to correct this issue and replace all references to § 1981 with citations to § 1983.

all times material," and the use of such phrases does not violate the requirement that each claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Therefore, to the extent the City of Clermont seeks dismissal on this basis, its motion to dismiss shall be denied.

II.     Claims Against The Clermont Police Department

The Clermont Police Department argues, without any legal or factual support, that all claims against it should be dismissed with prejudice because it is not a separate legal entity capable of being sued. Rather, the CPD argues that for all intents and purposes, it is one and the same with the City of Clermont, and that all claims should be brought against the City alone. In response, Rodriguez argues that because he has alleged that the CPD, as well as the City of Clermont, is his employer, the CPD's argument concerning capacity to be sued is a factual issue that cannot be resolved at the motion to dismiss stage.

The Court agrees with Rodriguez. The Eleventh Circuit has recognized that, with respect to claims § 1983, police departments are not usually considered legal entities subject to suit. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). However, in each case, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Id. (quoting Fed. R. Civ. P. 17(b)). In Florida, "'where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions it is not an entity subject to suit.'" Florida City Policy Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting Eddy v. City

of Miami, 715 F. Supp. 2d 1553, 1556 (S.D. Fla. 1989)). Although probable, the CPD's status as an integral part of the city government through which the City of Clermont fulfills its policing functions is not ascertainable from the face of the Complaint, and the CPD has not provided any evidence to establish this fact. See Artybel v. Colonial Bank Group, Inc., 2008 WL 3411785 at * 7 (M.D. Fla. Aug. 8, 2008); Ball v. City of Coral Gables, 548 F. Supp. 2d 1364, 1369 (S. D. Fla. 2008).[2] Moreover, both Title VII and the FCRA recognize theories of dual or joint employer status, and the Court is unaware of any legal authority (and the CPD has not provided any) which establishes that a police department cannot be sued under these two statutes. See, e.g., Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332 (11th Cir. 1999); Beadle v. City of Tampa, 42 F.3d 633 (11th Cir. 1995). Accordingly, CPD's motion to dismiss will be denied.

III.   Claims Against Jeffrey Radi

Radi first seeks dismissal of the Title VII and FCRA claims asserted against him in his individual capacity on the grounds that there is no individual liability under these statutes. See Dearth v. Collins, 441 F.3d 931, 933-34 (11th Cir. 2006); Mason v. Stallings, 82 F.3d 1007, 1008 (11th Cir. 1996); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991); Paris v. City of Coral Gables, 951 F. Supp. 1584, 1585 (S. D. Fla. 1995). In

---

[2]But see Everett v. Marianna Police Dep't, No. 5:07-cv-284, 2008, WL 222713, at *2 (N.D. Fla. Jan. 25, 2008); Vaughn v. City of Orlando, No. 6:07-cv-1695-Orl-19UAM, 2008 WL 151885 at *5 (M.D. Fla. Jan. 15, 2008); Post v. City of Fort Lauderdale, 750 F.Supp. 1131, 1132-33 (S.D. Fla. 1990).

response, Rodriguez agrees that dismissal of these claims is appropriate. Therefore, this portion of Radi's motion to dismiss shall be granted.[3]

Radi next seeks dismissal of all claims asserted against him in his official capacity on the grounds that such claims are duplicative of the claims brought against the CPD and the City of Clermont. Although Rodriguez agrees that the Title VII and FCRA official capacity claims should be dismissed, he argues that the official capacity claims under § 1983 should go forward because Rodriguez has pleaded that Radi "acted under color of state law" to deprive Rodriguez of his equal protection rights.

Suits brought against individuals in their official capacity pursuant to 42 U.S.C. §1983 "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n. 55 (1987). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (citing Brandon v. Holt, 469 U.S. 464, 471-72 (1985); see also Owens v. Fulton County, 877 F.2d 947, 951, n. 5 (11th Cir. 1989). Moreover, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because

---

[3] Radi also seeks dismissal of all claims brought against him pursuant to 42 U.S.C. § 1981. As discussed above, Rodriguez has clarified that all references to § 1981 were in error, and that there are no § 1981 claims in this case. Therefore, this portion of Radi's motion to dismiss shall be deemed moot.

9

local government units can be sued directly . . . ." Busby, 931 F.2d at 776. Thus, when a suit is filed against both a governmental entity and the entity's officers and employees in their official capacities, it is appropriate for a court to dismiss the named individual defendants in their official capacities as "redundant and possibly confusing to the jury." Id.

Rodriguez has sued both the City of Clermont, the CPD, and its officer and employee, Radi, under the same federal statutes and alleging the same unlawful actions. Suit against Radi in his official capacity is duplicative of the suit against the City and the CPD, and therefore the § 1983 claims against Radi in his official capacity shall be dismissed.

IV.     Count III - § 1983 Equal Protection Claim

The third claim in Rodriguez's Complaint is entitled "Violation of 42 U.S.C. § 1983 Equal Protection Claim Against Clermont, CPD and Radi." (Doc. 1, p. 18). It appears that this claim is duplicative of Counts I and II, which also assert equal protection claims under § 1983 against these Defendants, under both theories of individual liability as to Radi, and custom, policy or practice liability against the City of Clermont and the CPD. The Court suggests that at the time Rodriguez files his amended complaint, Rodriguez either dismiss this claim as superfluous, or clarify the separate and distinct legal theories which support this claim against each Defendant.

**Conclusion**

Accordingly, upon due consideration, it is hereby ORDERED as follows:

1. The Motion to Dismiss the City of Clermont Police Department (Doc. 7) is DENIED;

2. The City of Clermont's Motion to Dismiss (Doc. 8), and Motion of Defendant, Jeffrey Radi, to Dismiss Plaintiff's Complaint (Doc. 5), are GRANTED. All claims brought against Defendant Jeffrey Radi in his official capacity pursuant to 42 U.S.C. § 1983 (Counts I-III) are DISMISSED WITH PREJUDICE. All claims asserted against Defendant Jeffrey Radi under Title VII and the FCRA (Counts IV-VII) are DISMISSED WITH PREJUDICE. The remaining claims in the Complaint are DISMISSED WITHOUT PREJUDICE. Should the Plaintiff choose to file an amended complaint, he may assert his claims under § 1983 against Radi in his individual capacity only.

3. Within twenty (20) days from the date of this Order, the Plaintiff shall file an amended complaint correcting all other deficiencies discussed in this Order.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 17th day of February, 2009.

_____
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record